In re PITTSBURGH X–RAY CHEMICAL SERVICE COMPANY, Debtor.

OFFICIAL COMMITTEE OF UNSE-CURED CREDITORS, on Behalf of PITTSBURGH X–RAY CHEMICAL SERVICE COMPANY, Plaintiff,

v.

Richard F. WESOLOWSKI and Margar-ite M. Wesolowski and Frank R. Capez-io and Barbara Capezio, Defendants.

Bankruptcy No. 86–2363 PGH.
Adv. No. 87–271.

United States Bankruptcy Court, W.D. Pennsylvania.

Sept. 2, 1988.

Bernstein and Bernstein, Pittsburgh, Pa., for plaintiff.

Kenneth P. Simon, Pittsburgh, Pa., for Margarite M. Wesolowski and Barbara Capezio.

Herbert G. Sheinberg, Pittsburgh, Pa., for Richard Wesolowski and Frank P. Capezio.

## MEMORANDUM OPINION

WARREN W. BENTZ, Bankruptcy Judge.

The plaintiff here is the Committee of Unsecured Creditors ("Committee") which has sought and obtained the approval of this court to proceed with the within action. Defendants are the owners of the business premises from which the debtor corporation conducted its business since 1970. The Committee seeks to have that business premises adjudicated to be an asset of the corporation.

The gravamen of the Complaint is that the corporation, prior to 1970, owned its own building, that it sold that building in 1970 and moved in 1970 into a new building which had been purchased by the defendants and leased to the corporation. The husbands-defendants were the officers, owners and principal participants in the corporation.

The Committee asserts that the defendants, as owners and officers of the corporation, usurped a corporate opportunity, that the corporation should have bought the premises into which the business was moved, that the cash flow paid out by the defendants for the purchase of the building and to retire the mortgage thereon was less than the rental payments by the corporation, that the building now has substantial value which reposes in the hands of the insiders and officers and owners to the detriment of the outside creditors, and that the building's value of some $250,000 should be returned to the corporation for the benefit of the creditors.

There is no allegation nor indication of any evidence tending to prove that the rent was unreasonable. The corporation was profitable at all times up to 1984. These two factors alone require that judgment be entered for the defendants.

The acquisition of the real estate may or may not have been a corporate opportunity. The ownership of a business premise may be advisable or not advisable according to the differing judgment of different people at different times. The addition of a large mortgage liability to the debtor's balance sheet, even with the simultaneous addition of the building as an asset, might have had adverse consequences in 1970. The corporation was not in the business of owning real estate and the decision of its owners and board of directors that the corporation should not own real estate, but should rent real estate, may not be considered, standing by itself, to be a usurpation of a "corporate opportunity" by its owners.

One of the fundamental purposes of conducting business in a corporate form is to protect the shareholders from individual liability in the event of business failure. It is also an accepted and customary practice in small businesses for the real estate to be owned individually by the same persons who own and control the stock of the corporation. The rental must be fair and the dealings between the corporation and its insiders may be subject to close scrutiny, but it is not inherently fraudulent, nor otherwise a basis for ignoring the separate corporate existence.

In the instant case, there is no indication that assets were transferred from the corporation to the stockholders while the corporation was insolvent or otherwise in precarious financial condition, through the device of payment of rentals. The plaintiffs concede that the corporation was profitable at all times up until 1984 when the opening of a new branch proved to be financially disastrous.

If the insiders and shareholders had taken unto themselves, individually, certain of the corporation's assets or goodwill, such as the appropriation of its customers, then it might be said that the action was a usurpation of a corporate opportunity because that involved the specific business of

the corporation. Ownership of its own real estate, however, is not such an activity.

Accordingly, defendants' Motion for Summary Judgment will be granted and judgment will be entered for defendants.